IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRI GOLDEN STATE, LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SAVE MART SUPERMARKETS, d/b/a FOOD MAXX,<br><br>　　　　　Defendant | No. 07-1480 MMC<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF DOCUMENTS UNDER SEAL; DIRECTIONS TO CLERK; DIRECTIONS TO PLAINTIFF** |

　　　　Before the Court is plaintiff's "Administrative Motion to File Portions of Documents Under Seal," filed April 14, 2008. Defendant has not filed a response thereto.

　　　　In its motion, plaintiff seeks to file under seal unredacted versions of the Declaration of Stephen Robertson and plaintiff's "Appendix of Evidence." According to plaintiff, the portions thereof plaintiff seeks to file under seal have been designated as confidential by both parties.

　　　　"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id. "A stipulation . . . will not suffice to allow the filing of documents under seal." Id.

　　　　To the extent plaintiff has designated the subject material as confidential, the motion will be denied, because plaintiff has failed to show the material is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." See id. Rather, plaintiff merely states the parties have "agreed" the material "could be designated as confidential."

1 (See Mark Decl., filed April 14, 2008, ¶ 1.)  Such agreement is insufficient to warrant sealing the documents under seal.  See Civil L.R. 79-5(a).

To the extent defendant has designated the subject material as confidential, the motion will be denied, because defendant has failed to make any showing, let alone the showing required by the Local Rules of this District.  See Civil L.R. 79-5(d) (providing that where one party seeks to file under seal matter designated as confidential by another, "[w]ithin five days . . . the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality").  Moreover, to the extent defendant may have relied on the agreement referenced in plaintiff's motion, any such reliance is, as noted above, unavailing.  See Civil L.R. 79-5(a).

Accordingly, the motion is hereby DENIED.

Because plaintiff reports both parties have designated the subject material as confidential, the Clerk is DIRECTED to follow the procedure set forth in Civil Local Rule 79-5(e); specifically, the Clerk shall hold the unredacted versions of the Declaration of Stephen Robertson and the Appendix of Evidence for three court days to allow plaintiff to retrieve them and, thereafter, if not so retrieved, to dispose of them.  If plaintiff wishes to have such material considered by the Court in connection with defendants' motion for partial summary judgment, plaintiff shall file in the public record, no later than May 5, 2008, the unredacted versions of the Declaration of Stephen Robertson and the Appendix of Evidence.[1]

**IT IS SO ORDERED.**

Dated:  April 30, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] Irrespective of plaintiff's decision with respect to the subject material, the Court will consider the portions of the Declaration of Stephen Robertson and the Appendix of Evidence that were previously filed in the public record by plaintiff.

2