United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRI GOLDEN STATE, LLC, | No. C-07-1480 WWS |
| Plaintiff, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| SAVE MART SUPERMARKETS, d/b/a FOOD MAXX, | |
| Defendant | |
| _____ | |
| SAVE MART SUPERMARKETS, d/b/a FOOD MAXX, | |
| Counterclaimant | |
| v. | |
| WRI GOLDEN STATE, LLC, | |
| Counterdefendant | |
| _____ / | |

This cause came on for a court trial on July 15, 2008, the parties having appeared through their respective counsel of record, and the Court, having heard the evidence and considered the statements of the parties made on the record, finds the facts and states the conclusions of law as follows:

1. On July 15, 2008, trial commenced with the Court inquiring of the parties as to any resolved issues and the remaining issues to be tried in the case.

2. With respect to Plaintiff WRI Golden State, LLC's ("WRI") claim for declaratory relief, Dan Muller, counsel of record for Save Mart Supermarkets, d/b/a Food Maxx ("Save Mart"), conceded that Save Mart gave its approval to the exterior design, color, elevation, site and building alterations with respect to the proposed Wal-Mart store, but stated that a condition of such approval was the enforcement of Save Mart's exclusive use right, which Save Mart claims was breached by WRI when it allegedly authorized the proposed Wal-Mart store to sell food.

3. The Court specifically finds that on November 20, 2003, Save Mart approved in writing the exterior design, color, elevation, site and building alterations in connection with the proposed Wal-Mart store and that WRI's acceptance of Save Mart's consent on January 20, 2004, constitutes an agreement and the approval of Save Mart with respect to the exterior design, color, elevation, site and building alterations in connection with the proposed Wal-Mart store.  In addition, the Court finds that Save Mart has approved or is deemed to have approved minor modifications to the Wal-Mart store front required by the City of Santa Rosa, which modifications were sent by WRI to Save Mart on or about August 30, 2006.

4. In light of Save Mart's concession that it was no longer contesting the efficacy of its approvals of the building modifications proposed for the Wal-Mart store, with the exception of the alleged breach of the exclusive use provision of Save Mart's lease, the Court proceeded to take evidence as to Save Mart's claim that WRI breached the exclusive use provision of Save Mart's lease in leasing to Wal-Mart.

5. To support its claim that WRI authorized Wal-Mart to conduct business in violation of the exclusive use provision of its lease, Save Mart provided the deposition testimony of Neil Soskin, the Director of Leasing for Weingarten Realty Management. Save Mart also referenced a Draft Environmental Impact Report prepared in connection with the proposed Wal-Mart store, which contains a general description of a food area

within the proposed store.  Based on the evidence presented and argument of counsel, the Court finds that there is insufficient evidence from which the Court can determine the nature and extent of future food sales by Wal-Mart, if any, at the Stony Point Plaza Shopping Center.  Accordingly there is no genuine controversy to support the issuance of a declaratory judgment.

6. Based on the concessions of Save Mart and the Court's determination that Save Mart presented insufficient evidence to sustain its claim for breach of its lease by WRI, the Court finds:

(a) Defendant Save Mart has fully exercised any and all approval rights with respect to the exterior design, color, elevation, site and building alterations with respect to a proposed Wal-Mart store in the Stony Point Plaza Shopping Center located at Stony Point Road and California State Highway 12 in Santa Rosa, California.  The Court finds that on November 20, 2003, Save Mart approved in writing the exterior design, color, elevation, site and building alterations in connection with the proposed Wal-Mart store and that WRI's acceptance of Save Mart's consent on January 20, 2004, constitutes an agreement and the approval of Save Mart with respect to the exterior design, color, elevation, site and building alterations in connection with the proposed Wal-Mart store.  In addition, the Court finds that Save Mart has approved or is deemed to have approved minor modifications to the Wal-Mart store front required by the City of Santa Rosa, which modifications were sent by WRI to Save Mart on or about August 30, 2006; and,

(b) Save Mart's counterclaim for declaratory and injunctive relief is dismissed without prejudice for lack of a genuine case or controversy.

**IT IS SO ORDERED.**

Dated: July 31, 2008  /s/ William W Schwarzer
WILLIAM W SCHWARZER
United States District Judge