IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRI GOLDEN STATE, LLC, | No. C-07-1480 WWS |
| Plaintiff, | **JUDGMENT** |
| v. | |
| SAVE MART SUPERMARKETS, d/b/a FOOD MAXX, | |
| Defendant | |
| _____ | |
| SAVE MART SUPERMARKETS, d/b/a FOOD MAXX, | |
| Counterclaimant | |
| v. | |
| WRI GOLDEN STATE, LLC, | |
| Counterdefendant | |
| _____/ | |

On July 15, 2008, this action came on for trial before the Honorable William W Schwarzer. The Court considered the matter and in accordance with the findings of fact and conclusions of law filed concurrently herewith, and pursuant to Rule 58 of the Federal Rules of Civil Procedure,

IT IS ADJUDGED THAT:

1. Plaintiff WRI Golden State, LLC, is awarded a declaratory judgment against Save Mart Supermarkets, d/b/a Food Maxx ("Save Mart"). Specifically, the Court declares that Save Mart has fully exercised any and all approval rights with respect to the building alterations proposed for the Wal-Mart store in the Stony Point Plaza Shopping Center located at Stony Point Road and California State Highway 12 in Santa Rosa, California. The Court finds that on November 20, 2003, Save Mart approved in writing the exterior design, color, elevation, site and building alterations in connection with the proposed Wal-Mart store and that WRI's acceptance of Save Mart's consent on January 20, 2004 constitutes an agreement and the approval of Save Mart with respect to the exterior design, color, elevation, site and building alterations in connection with the proposed Wal-Mart store. In addition, the Court declares that Save Mart has approved or is deemed to have approved minor modifications to the Wal-Mart store front required by the City of Santa Rosa, which modifications were sent by WRI to Save Mart on or about August 30, 2006.

2. Save Mart's counterclaim for declaratory relief is dismissed without prejudice, because it does not present a genuine case or controversy.

3. Plaintiff WRI shall recover its costs of suit on the complaint, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiff WRI is, however, not entitled to its costs of suit on the counterclaim. See Miles v. State of California, 320 F. 3d 986, 988 (9th Cir. 2003).

4. Any motion for attorneys' fees shall be filed in accordance with Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54-6.

**IT IS SO ORDERED.**

Dated: July 31, 2008

/s/ William W Schwarzer
WILLIAM W SCHWARZER
United States District Judge